IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NEIL WALKER, # 095197, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:22cv515-WHA-SMD |
| ) | (WO) |
| MICHAEL CRESPI, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

State prisoner Neil Walker, proceeding pro se, initiated this action on a form generally utilized by inmates to file civil actions under 42 U.S.C. § 1983. Doc. 1. Walker attacks the validity of the life sentence imposed upon his 1994 conviction for murder entered against him by the Circuit Court of Houston County, Alabama. Because Walker challenges the state court judgment under which he is imprisoned, his filing is properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) *Thomas v. Crosby*, 371 F.3d 782, 785–87 (11th Cir. 2004). A petitioner may not evade the procedural requirements of § 2254 by filing something purporting to be something else. *Thomas*, 371 F.3d at 787. For the reasons that follow, the undersigned finds that Walker's § 2254 petition constitutes a successive habeas petition subject to dismissal for lack of jurisdiction because it was filed without preauthorization from the Eleventh Circuit Court of Appeals.

## II.     DISCUSSION

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B), (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

This court's records indicate that on November 27, 2001, Walker filed a previous habeas petition under 28 U.S.C. § 2254 challenging the same 1994 murder conviction and life sentence he challenges by his current petition. *See Walker v. State of Alabama*, Case No. 1:01cv1383-MEF. In that prior habeas action, this court denied Walker relief and dismissed his petition with prejudice. *Id.*, Docs. 71, 74. A final judgment was entered by the district court on April 4, 2003. *Id.*, Doc. 75.

Walker filed a second petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 17, 2010. *See Walker v. State of Alabama*, Case No. 1:10cv124-TMH. This court summarily dismissed that petition as a successive habeas petition filed without the appellate court permission required under 28 U.S.C. § 2244(b)(1)–(3). *Id.*, Docs. 4, 7. A final judgment was entered by the district court on March 12, 2010. *Id.*, Doc. 8.

Walker filed a third petition for writ of habeas corpus on August 26, 2015.[2] *See Walker v. Davenport*, Case No. 1:15cv658-MHT. This court summarily dismissed that petition as another successive habeas petition filed without the appellate court permission required under § 2244(b)(1)–(3). *Id.*, Docs. 4, 6. A final judgment was entered by the district court on October 6, 2015. *Id.*, Doc. 7.

---

[2] Walker styled that pro se filing as a "Petition for Writ of Habeas Corpus Pursuant to [28 U.S.C.] § 2241 for Relief and Restoration of Civil and Political Rights." *See Walker v. Davenport*, Case No. 1:15cv658-MHT, Doc. 1. This court found that the petition was subject to the procedural restrictions applicable to petitions for writ of habeas corpus under 28 U.S.C. § 2254. *Id.*, Doc. 4.

Walker filed another petition for writ of habeas corpus on March 25, 2016.[3] *See Walker v. Myers*, Case No. 1:16cv202-WKW. This court summarily dismissed that petition as yet another successive habeas petition filed without the appellate court permission required under § 2244(b)(1)–(3). *Id.*, Docs. 6, 8. A final judgment was entered by the district court on April 25, 2016. *Id.*, Doc. 9.

Walker furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his present successive habeas petition challenging his 1994 Houston County murder conviction and life sentence. "Because this undertaking [is a successive] habeas corpus petition and because [Walker] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the Court of Appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, Walker's § 2254 petition (Doc. 1) should be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

---

[3] Walker styled that pro se filing as a "Petition for Writ of Habeas Corpus for Lack of Venue Facts to Indict." *See Walker v. Myers*, Case No. 1:16cv202-WKW, Doc. 1. This court found that the petition was subject to the procedural restrictions applicable to § 2254 petitions. *Id.*, Doc. 6.

## III.   CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that the § 2254 petition (Doc. 1) be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) for lack of jurisdiction as a successive petition filed without the required preauthorization from the Eleventh Circuit Court of Appeals.

And it is ORDERED that the parties shall file any objections to this Recommendation **by September 21, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of September, 2022.

 /s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE